AUSA MICHAEL F. IASPARRO 815-987-4444

AO 91 (REV.5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

UNITED STATES OF AMERICA

v.

SHABAKA K. BOYD

**CRIMINAL COMPLAINT**

CASE NUMBER: 08 CR 50019

I, the undersigned complainant, being duly sworn on oath, state that the following is true and correct to the best of my knowledge and belief:

On April 3, 2008, in Winnebago County, in the Northern District of Illinois, Western Division, SHABAKA K. BOYD, defendant herein, possessed with the intent to distribute controlled substances, namely approximately 67.79 gross grams of mixtures containing cocaine base in the form of crack cocaine and approximately 122.5 gross grams of mixtures containing cocaine, Schedule II Narcotic Drug Controlled Substances,

in violation of Title ___21___, United States Code, Section __841(a)(1)__. I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and that this complaint is based on the facts contained in the Affidavit which is attached hereto and incorporated herein.

Signature of Complainant
STEPHEN P. SMITH
ATF

Sworn to before me and subscribed in my presence,

April 3, 2008     at   Rockford, Illinois
Date                          City and State

P. MICHAEL MAHONEY, U.S. Magistrate Judge
Name & Title of Judicial Officer      Signature of Judicial Officer

| | |
|---|---|
| NORTHERN DISTRICT OF ILLINOIS | ) |
| | ) ss. |
| WESTERN DIVISION | ) |

### AFFIDAVIT

I, STEPHEN P. SMITH, being duly sworn on oath state:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). I have worked as an ATF Special Agent for approximately 22 years. My duties include investigating violations of Title 21, United States Code, Section 841(a)(1), which makes it a federal crime to distribute and possess with intent to distribute controlled substances, including cocaine and cocaine base, as well as violations of Title 18, United States Code, Sections 922(g)(1) and 924(c)(1)(A), which make it a federal crime for convicted felons to possess firearms and to possess a firearm in furtherance of a drug trafficking crime, respectively. I have been involved in numerous investigations of drug trafficking and the illegal possession of firearms, and have worked closely with state and local police agencies investigating drug and firearms-related offenses. In addition to my experience as an ATF Special Agent, I have received training in the enforcement of drug and firearms-related laws from the ATF.

2. I have been assigned to assist in the investigation into cocaine and cocaine base trafficking activities and the illegal possession of firearms of Shabaka Boyd, also known as "Tony" (hereinafter "Boyd"). Since this affidavit is being submitted for the limited purpose of establishing probable cause that Boyd committed the offense of possession of cocaine and cocaine base with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1), I have not included each and every fact known to me concerning this investigation. This affidavit is based upon

information obtained by me personally and information provided to me by other law enforcement agents, officers, and others identified herein.

3. On April 3, 2008, at approximately 9:45 a.m., I assisted in the execution of a federal search warrant at 3735 Trilling Avenue, Apartment #204 in Rockford, Illinois (hereinafter "Boyd's apartment"). Based upon information received from the Illinois Department of Corrections, I know that Boyd is currently on parole for the offense of aggravated discharge of a firearm, and according to parole records resides at that address. Upon approaching the door to Boyd's apartment, officers announced in a loud and clear voice, "Police, search warrant." After waiting a period of time with no response, an officer forced entry into Boyd's apartment. Boyd was found to be the sole occupant of the apartment, and was taken into custody in the apartment's only bedroom. On top of a dresser in that bedroom, officers found what appeared to be controlled substances. An officer later weighed and field tested those substances, and determined that they were approximately 122.5 gross grams (four ounces) of a substance containing a powder that tested positive for the presence of cocaine, and approximately 67.79 gross grams (two ounces) of a substance that tested positive for the presence of cocaine and which appeared to be in the form of crack cocaine. The substance which is referred to herein as crack cocaine had a hard, rock-like texture and appearance that based on my training and experience I believe to be crack cocaine, which contains cocaine base. Also on top of the dresser was a digital scale, $8,025 in United States currency, and a Llama, .45 caliber pistol, serial number C14345, which was loaded with 1 round of ammunition in the chamber and 7 rounds of ammunition in the magazine. Based upon my training and experience, I know that digital scales are commonly used to measure quantities of cocaine and cocaine base for sale, and that the illegal business of

cocaine and cocaine base sales is predominantly a cash business. Furthermore, I know that drug traffickers commonly possess firearms to protect their drugs and drug proceeds.

4. According to records received from the National Crime Information Center and the Illinois Department of Corrections, I know that Shabaka Boyd is currently on parole for a 2003 conviction in Winnebago County, Illinois for the felony offense of aggravated discharge of a firearm, for which he was sentenced to ten years in the Illinois Department of Corrections. Boyd also was convicted of aggravated discharge of firearm in Winnebago County on September 20, 1999, and was sentenced to four years of probation, 88 days in the Winnebago County Jail, and $1,450 fines and costs.

5. Based upon my training and experience, and based upon the foregoing information set forth in this affidavit, I believe there is probable cause to conclude that Shabaka Boyd committed the offense of possession with the intent to distribute controlled substances, namely cocaine and cocaine base, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

6. The information contained in this affidavit is true and correct to the best of my knowledge and belief.

_____
STEPHEN P. SMITH
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

SUBSCRIBED AND SWORN TO BEFORE ME THIS 3rd DAY OF APRIL, 2008

_____
P. MICHAEL MAHONEY
United States Magistrate Judge
Northern District of Illinois

3