UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 08 CR 50019 |
| v. | ) | Hon. Frederick J. Kapala |
| | ) | |
| SHABAKA BOYD | ) | |

_____

DEFENDANT'S MOTION FOR A HEARING
PURSUANT TO FRANKS v. DELAWARE

Now comes the Defendant, SHABAKA BOYD by TERENCE F. MACCARTHY of

the FEDERAL DEFENDER PROGRAM and its attorney HANEEF OMAR who presents

the Defendant's Motion For A Hearing Pursuant to *Franks v. Delaware*. The defendant

moves this honorable court for a hearing to determine the validity of the search warrant

obtained in this matter. In support of said motion Mr. Boyd states as follows.

The Rockford Police received an anonymous crime stoppers voice mail message

stating that Shabaka Boyd was selling crack cocaine from 3735 Trilling Ave #204 in

Rockford, IL. Nearly an entire month after this message, a confidential informant ("CI")

attempted to purchase crack cocaine from someone located at what was suspected to be

Mr. Boyd's residence. The residence is an apartment within a building. Apartment

number 204 cannot be viewed from the street. Agent Smith observed the CI park in

front of the building and enter the west door and remain inside for 2 to 3 minutes. The

CI knocked on the door to apartment #204 and Mr. Boyd answered.

Mr. Boyd states that the CI appeared to under the influence of drugs or alcohol.

See attached affidavit. Specifically, he notes that the CI's hair was wild, her eyes were

red, she rubbed her nose, and snorted loudly. He also notes that her jaw kept shifting back and forth and that she could not be still. Mr. Boyd insists that he did not answer the door armed with a handgun and never showed a weapon to the CI.

The CI said, "What's up, are you straight?," requesting drugs from Mr. Boyd. Mr. Boyd told her that she had the wrong house. The CI then stated that she must have made a mistake and then left the building. The CI claims that Mr. Boyd showed her a handgun but could not describe so much as the color or size of the weapon.

The affidavit for search warrant, with reckless disregard for the truth, omits that the CI appeared to be under the influence of drugs or alcohol and could not describe the firearm. Additional material omissions may have been made to the application for search warrant such as the CI's compensation and motivation for conducting controlled purchases of narcotics.

The omissions from the affidavit in support of a search warrant are material in that if the affidavit included the CI's motivation to procure evidence against an individual, potential mental state of being under the influence of drugs, or failure to describe the firearm in any manner a magistrate may not have found the information to be reliable.

The following facts are in dispute requiring an evidentiary hearing for resolution:

1.    Whether Agent Smith had reason to believe the CI was under the influence of drugs or alcohol at the time of the controlled buy.

2

2.      The incentives provided to the CI which may have created a motive to

fabricate evidence once the controlled buy of narcotics failed.

3.      Whether or not the confidential informant appeared before the magistrate

4.      The degree of detail given to the magistrate including the failure to

disclose the CI's inability to describe the firearm.

5.      Any police corroboration or lack thereof of the confidential informants

information.

6.      Whether the magistrate was provided the confidential informants name

and whether he/she had a history of untruthfulness or reliability, a

criminal record, or a history of mental health issues.

Wherefore, Shabaka Boyd respectfully requests a hearing to determine whether

the search warrant was issued in violation of the Supreme Court's decision in *Franks v.*

*Delaware* and the Fourth Amendment to the United States Constitution.


Dated at Rockford, Illinois, July 29, 2008.

Respectfully submitted,

SHABAKA BOYD, Defendant,

____/s/_____
Haneef Omar
Attorney for Defendant

Federal Defender Program
202 W. State St. Suite 600
Rockford, IL 61101
[815] 961-0800

[815] 961-0813 (fax)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| v. | ) | 08CR 500·19 |
| | ) | Hon. Judge Frederick J. Kapala |
| SHABAKA BOYD | ) | |
| Defendant-Appellant. | ) | |

---

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS: |
| COUNTY OF WINNEBAGO | ) |

## AFFIDAVIT

I, Shabaka Boyd, do state as follows.

On or about March 31, 2008, around 3 o'clock there was a knock on the door. I looked through the peak hole at a short black woman in her mid 30's. When I opened the door the woman's hair was wild, her eyes were red, she rubbed her nose and snorted loudly, and her jaw kept shifting back and forth. She could not be still. My first thought upon observing her was that she was very high on something. She said, "Are you straight?" I told her "I think you have the wrong house." She said "ok, I'm cool." Then she turned around and left. I never waived or flashed a gun at that woman. I had no reason to show woman a gun.

Sincerely;

*Shabaka Boyd* (signature)

Shabaka Boyd

7-29-08

**"OFFICIAL SEAL"**
Bradley D. Stallings
Notary Public. State of Illinois
My Commission Expires 03/03/2012

Subscribed and sworn before me this
29th day of July, 2008