UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 08 CR 50019 |
| v. | ) | Hon. Frederick J. Kapala |
| | ) | |
| SHABAKA BOYD | ) | |

MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR
AN EVIDENTIARY HEARING

An evidentiary hearing is necessary to determine whether materially false information was presented to the issuing judge with reckless disregard for the truth. Mr. Boyd incorporates the facts relayed in his jointly submitted motion for an evidentiary hearing.

The Supreme Court held in *Franks v. Delaware* that intentional or recklessly submitting false statements in an affidavit supporting a search warrant violates the Fourth Amendment. 438 U.S. 154 (1978). The Fourth Amendment entitles a defendant to a hearing upon request "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." 438 U.S. at 155-56. At a *Franks* hearing, a defendant must show by preponderance of the evidence that: (1) the search warrant affidavit contained a false material statement or omitted a material fact; (2) the affiant omitted the material fact or made the false statement intentionally, or with reckless disregard for the truth; and (3) the false statement is material in order to

support the finding of probable cause. *United States v. Lowe*, 516 F.3d 580 (7th Cir. 2008); *United States v. Marrow*, 272 F.3d 817, 821 (7th Cir. 2001). The Seventh Circuit has held that an affiant acts with reckless disregard for the truth when he or she "in fact entertained serious doubts as to the truth of his allegations." *United States v. A Residence Located at 218 Third Street, New Larus, Wisconsin*, 805 F.2d 256, 258 (7th Cir. 1986).

     Mr. Boyd provides a substantial preliminary showing that Agent Smith omitted material information to the issuing judge from an informant he should have known to be unreliable. Specifically, at the time of the application for search warrant Agent Smith knew the CI could not describe the alleged firearm in any manner, had an incentive or motivation for fabricating evidence once a controlled buy was unsuccessful, and may have been under the influence of drugs or alcohol. The application and affidavit for search warrant was missing all of this information. Because Agent Smith knew the CI could not describe the handgun, had an incentive to lie, and may have been under the influence of drugs, and failed to include this information in the application for search warrant the only logical explanation for the deficiencies is that they were intentionally or recklessly omitted from the application. A hearing will certainly determine whether Agent Smith entertained serious doubts about the truth of his allegations to the issuing magistrate.

     The omissions from the affidavit in support of a search warrant are material in that if the affidavit included the CI's motivation to procure evidence against an

individual, potential state of being under the influence of drugs, or failure to describe the firearm a magistrate may have found the information to be unreliable and have declined to issue the warrant.

A hearing will also provide facts that would support a motion to quash the search warrant based on the CI's unreliable information. Some of the factors which demonstrate that an informant's information is sufficiently reliable to support the magistrate's issuance of a warrant include: (1) personal observation by the informant; (2) the degree of detail given; (3) independent police corroboration of the informant's information; and (4) the informant's testifying at the probable cause hearing. *United States v. Reddrick*, 90 F.3d 1276, 1280 (7th Cir. 1996); (citing *United States v. Lloyd*, 71 F.3d 1256, 1262 (7th Cir. 1995)).

In the instant case, *Reddrick* has been met. Although the CI alleges personal observation of Mr. Boyd with the handgun, the CI's inability to describe the weapon in any manner raises doubt as to the truth of the assertion. The reliability of the CI's observations is further questioned by the lack of detail given in describing his/her observations. To say that a degree of detail was given is to compliment the statement. In fact, no detail was given. The lacking reliability in the CI's empty assertion of Mr. Boyd possessing a handgun was not supported in any way by police corroboration. No additional information was sought or received that would give credence to the CI's statements. Finally, there is no information that indicates the CI ever testified at a probable cause hearing. Because the CI's information fails all four prongs outlined in

*Reddrick* an evidentiary hearing will likely provide information that supports a finding that the informant's information was unreliable.

Wherefore, Mr. Boyd respectfully requests an evidentiary hearing to determine whether a search warrant was issued in violation of the Supreme Court's decision in *Frank's v. Delaware* and the Fourth Amendment to the United States Constitution.

Dated at Rockford, Illinois, July 29, 2008.

    Respectfully submitted,

                            SHABAKA BOYD, Defendant

                              /s/
                            Haneef Omar
                            Attorney for Defendant

Federal Defender Program
202 W. State St. Suite 600
Rockford, IL 61101
[815] 961-0800
[815] 961-0813 (fax)