UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 08 CR 50019 |
| | ) | Judge Frederick J. Kapala |
| SHABAKA K. BOYD, | ) | |
| also known as "Tony" | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
TO QUASH SEARCH WARRANT PURSUANT TO *FRANKS V. DELAWARE***

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, responds to defendant's motion to quash search warrant pursuant to *Franks v. Delaware* as follows:

**I.     BACKGROUND OF CURRENT CHARGES**

Defendant stands charged in a three count indictment with possession with intent to distribute approximately 122 grams of mixtures containing cocaine hydrochloride and approximately 67 grams of mixtures containing cocaine base, in violation of Title 21, United States Code, Section 841(a)(1), with being a felon in possession of a firearm which had traveled in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1), and with possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A).

These charges arose out of the execution of a federal search warrant issued by United States Magistrate Judge P. Michael Mahoney on April 2, 2008. A copy of the search warrant and application and affidavit in support of search warrant, executed by Special Agent Stephen P. Smith of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, are attached hereto as Government

Exhibit A.[1]  On that day, federal and local law enforcement agents executed the search warrant at 3735 Trilling Avenue, Apartment #204 in Rockford, Illinois.  During the execution of the search warrant, police found the defendant in the only bedroom of the apartment.  Also in the bedroom, police found and recovered approximately 122 grams of powder cocaine (cocaine hydrochloride) and approximately 67 grams of crack cocaine (cocaine base).  These controlled substances were found on top of a dresser, along with a digital scale, $8,025 in United States currency, and a Llama, .45 caliber pistol, serial number C14345, which was loaded with 1 round of ammunition in the chamber and 7 rounds of ammunition in the magazine.

Defendant has filed a motion seeking to quash the search warrant pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).  The Supreme Court held in *Franks v. Delaware* that intentionally or recklessly submitting false statements in an affidavit supporting a search warrant violates the Fourth Amendment.  *Id.*; *United States v. Hoffman*, 07-1874 (7th Cir., decided March 17, 2008).

## II.     *FRANKS* HEARING

An affidavit in support of a search warrant is presumed valid.  *United States v. Amerson*, 185 F.3d 676 (7th Cir. 1999).  A defendant may only obtain a *Franks* hearing if he makes a substantial preliminary showing that the affiant has intentionally or recklessly made a false statement in a search warrant affidavit, and that false statement is material to the finding of probable cause.  *Franks*, 438 U.S. at 155-56; *Hoffman* Slip Opinion at p. 6; *United States v. Souffront*, 338 F.3d 809, 822 (7th Cir. 2003).  A *Franks* hearing may also be allowed if an officer omits material facts from the affidavit.  *United States v. Merritt*, 361 F.3d 1005, 1010 (7th Cir. 2004).  A factual omission is material only

---

[1] It should be noted that defendant neither attached nor even excerpted Agent Smith's affidavit in either his motion or supporting memorandum, despite the fact that it is Agent Smith's affidavit which he is attacking.

if it amounts to a deliberate falsehood or a reckless disregard for the truth. *United States v. McNeese*, 901 F.2d 585, 594 (7th Cir. 1990). An omission is not material if the information is of such minimal significance that it could not reasonably affect the judge's determination of probable cause. *Id*.

In the *Franks* context, the defendant has the burden of showing direct or circumstantial evidence that the affiant had obvious reasons for omitting facts to prove deliberate falsehood or reckless disregard. *Id.* The *Franks* inquiry "must focus on the state of mind of the warrant affiant, that is the police officer who sought the search warrant." *United States v. Jones*, 208 F.3d 603, 607 (7th Cir. 2000). "[T]he fact that a third party lied to the affiant, who in turn included the lies in a warrant affidavit, does not constitute a *Franks* violation. A *Franks* violation occurs only if the affiant knew the third party was lying, or if the affiant proceeded in reckless disregard of the truth." *Id.* (quoting *United States v. McAllister*, 18 F.3d 1412, 1417 (7th Cir. 1994)). This is a difficult burden for the defendant to meet. *See United States v. Swanson*, 210 F.3d 788, 789-90 (7th Cir. 2000). If the defendant makes the required showing, a hearing may only be conducted if the affidavit absent the false statement or omission would be insufficient to establish probable cause. *Souffront*, 338 F.3d at 822.

According to defendant, Agent Smith omitted several facts from the affidavit in support of search warrant which he claims would have been material to the magistrate's finding of probable cause: 1) "the confidential informant's ("CS's")[2] motivation to procure evidence against an individual"; 2) the CS's "potential mental state of being under the influence of drugs"; and 3) the CS's "failure to describe the firearm in any manner." According to defendant, had any of these

---

[2] Defendant in his motion and supporting memorandum refers to the "CI." In Agent Smith's affidavit, that person is referred to as the confidential source ("CS"), which for purposes of consistency will be the terminology used in this pleading.

3

"facts" been disclosed to the issuing magistrate, the magistrate would not have found that the affidavit established probable cause to search defendant's apartment. Defendant offers no support for what he suggests may have been an improper motivation for the CS's cooperation with law enforcement or the CS's suggested drug problem, nor does the defendant suggest how, assuming these facts were true and omitted from Agent Smith's affidavit in reckless disregard for the truth, their inclusion would have affected the magistrate's probable cause determination.

In his memorandum in support of his motion, defendant asserts that he "provides a substantial preliminary showing that Agent Smith omitted material information to the issuing judge from an informant he should have know to be unreliable." That "substantial preliminary showing," however, amounts to nothing more than the bald assertions that Agent Smith "knew the CI could not describe the alleged firearm in any manner, had an incentive or motivation for fabricating evidence once a controlled buy was unsuccessful, and may have been under the influence of drugs or alcohol." Defendant then suggests that "additional material omissions may have been made to the application for search warrant such as the CI's compensation and motivation for conducting controlled purchases of narcotics," again offering no support for how this "may" be the case. Defendant offers only his own self-serving affidavit attached to his motion in addition to these bald assertions and then suggests that is enough of a "substantial preliminary showing" to warrant a *Franks* hearing.[3] Simply put, defendant's motion, supporting memorandum, and affidavit contain only unsupported

---

[3] Nowhere in his motion or memorandum in support does defendant suggest how, even assuming these bald assertions meet the "substantial preliminary showing" threshold, inclusion of these "facts" would have affected the magistrate's probable cause determination. Again, defendant simply asserts that it would have.

allegations, some of them plainly incorrect, in an attempt to have this court second guess the magistrate's probable cause determination.

In his motion, defendant suggests that several "facts are in dispute requiring an evidentiary hearing for resolution." Among these, according to defendant, is "whether the magistrate was provided the confidential informants (sic) name and whether he/she had a history of untruthfulness or reliability, a criminal record, or a history of mental health issues." It is true that the magistrate was not provided with the CS's name – that is why that person is referred to as the confidential source. As for the CS's history of untruthfulness or reliability, paragraph 4 of Agent Smith's affidavit reads as follows:

> This CS has worked with members of the Rockford Police Department's Narcotics Unit in the past, and has provided information which has proven to be reliable. This CS has also made several controlled purchased (sic) of controlled substances at the direction of Narcotics Unit detectives. This CS's information and/or controlled purchases have led to the issuance of multiple search warrants and the arrest of several individuals for drug and firearms-related offenses.

Defendant also suggests that Agent Smith failed to disclose to the magistrate the CS's "inability to describe the firearm." Agent Smith included what the CS reported, which was that defendant came to the door "carrying a handgun in his right hand." Just because the make, model, and serial number of that handgun were not reported, either by the CS or Agent Smith, does not alter the fact that the CS reported seeing a handgun, nor does it affect the probable cause determination. Finally, defendant suggests that it is disputed whether Agent Smith omitted "any police corroboration or lack thereof of the confidential informant's information." However, this court need look no further than paragraph 3 of Agent Smith's affidavit to find that corroboration. Paragraph 3 contains a summary of an anonymous voicemail message left on the Rockford Area Crimestoppers

answering service, which included information consistent with what the CS observed and that Agent Smith included in paragraph 4 of the affidavit.

Defendant also points to his self-serving affidavit to support his material omission theory. But that affidavit is wholly irrelevant. It begins, "On or about March 31, 2008, around 3 o'clock there was a knock on the door." As made clear in paragraph 4 of Agent Smith's affidavit, the CS went to the door of defendant's apartment on April 1, 2008. Anything that happened on March 31, 2008, either at 3 o'clock in the morning or in the afternoon, which is not specified, is irrelevant. Defendant also asserts, "I never waived or flashed a gun at that woman. I had no reason to show woman (sic) a gun." Setting aside the self-serving nature of this statement, made by a person with an obvious motive to fabricate and who happens to be a two-time felon, it does not comport with what the CS reported happened or what is contained in Agent Smith's affidavit, which is that "Boyd informed the CS that he/she had the wrong place, and slightly raised the firearm in the CS's direction." Agent Smith did not state that the CS reported that the defendant either "waived" or "flashed" a gun.[4]

Defendant has failed to show how Agent Smith acted in reckless disregard for the truth. He has offered no direct or circumstantial evidence that Agent Smith had obvious reasons for omitting

---

[4] Defendant's request for a *Franks* hearing appears to rest on his allegations that Agent Smith omitted material facts from the search warrant affidavit that if believed would have altered the magistrate's probable cause determination. Defendant does not allege that Agent Smith was in any way untruthful in reporting what the CS observed, only that Agent Smith omitted certain other facts regarding the CS that may have affected the probable cause determination. The fact that the CS observed the defendant, a convicted felon, with a handgun, something supported by the anonymous Crimestoppers tip, establishes probable cause that a handgun would be in the apartment. The defendant's statement that he never "waived" or "flashed" a handgun at the CS does not seem relevant to his motion regarding Agent Smith's alleged omissions from the affidavit.

facts. *See McNeese*, 901 F.2d at 594. Unsupported assertions do no meet the "substantial preliminary showing" threshold. And, even assuming defendant was able to establish the materiality of any omission and a reckless disregard for the truth by Agent Smith, he still would not be entitled to a hearing, as he has failed to set forth how the omission affects the probable cause finding. Defendant has not shown, in any depth, whether the omitted information would have been material to the determination of probable cause. *See United States v. Woolsey*, No. 06-4058 (7th Cir. July 22, 2008). Agent Smith's affidavit in support of the search warrant must be presumed to be valid. *Jones*, 208 F.3d at 607. Having failed to make even a minimal showing otherwise that is supported by anything other than bald assertions, defendant's request for a *Franks* hearing must be denied.

### III. DEFENDANT'S CONTENTION THAT THE CI WAS UNRELIABLE

Defendant next contends that the search warrant should be quashed because the deputy relayed information to the issuing judge from an informant known to be unreliable. Citing *United States v. Reddrick*, 90 F.3d 1276, 1280 (7th Cir. 1996), defendant points to four factors courts should consider in making this determination: 1) personal observation by the informant; 2) the degree of detail given; 3) independent police corroboration of the informant's information; and 4) the informant's testifying at the probable cause hearing. *Id.* This is different from the *Franks* attack discussed above in that it is an attack on the sufficiency of the search warrant itself, and does not rely on the affiant's state of mind as in the *Franks* context. Rather, defendant seems to flatly challenge the finding of probable cause by the magistrate on the basis that the informant was not shown to be reliable.

Again, in arguing that the CS's information was unreliable, defendant makes no mention of paragraphs 3 or 4 of Agent Smith's affidavit. As mentioned above, paragraph 3 included a summary

of an anonymous voicemail left on the Rockford Area Crimestoppers answering service which corroborated much of what the CS observed. Moreover, as also noted above, paragraph 4 outlines the CS's prior reliable work with law enforcement. Of the four factors cited by defendant, relying on the *Reddrick* case, three seem to weigh in favor of the informant's reliability, contrary to what defendant suggests. First, with respect to personal observation by the informant, Agent Smith's affidavit makes clear that the CS, under the direction and supervision of law enforcement officers, personally went to defendant's apartment and observed him come to the door with a handgun. Second, with respect to the degree of detail given, paragraph 4 of the affidavit details exactly what the CS was instructed to do, what the CS did, and what the CS observed and then reported to Agent Smith. Third, with respect to independent police corroboration, as already noted, this court need look no further than paragraph 3 of the affidavit for information from an anonymous tipster to Crimestoppers which independently corroborates the CS. *See United States v. Hoffman*, 07-1874, Slip Opinion at pp. 6-7 (7th Cir. March 17, 2008) ("It is clear that this was not an instance of an officer taking a first-time informant at her word.") The only *Reddrick* factor that is arguably in defendant's favor is the fact that the CS did not testify at a probable cause hearing. Other than that, all of the factors weigh heavily in favor of the CS's reliability. *See Reddrick*, 90 F.3d at 1281 (holding that the officer's testimony, which tended to establish that the defendant was a drug dealer, combined with the informant's information, was enough to support issuance of the warrant). Thus, defendant's motion to quash the search warrant based upon the unreliability of the CS's information should be denied without a hearing.

**IV.     CONCLUSION**

For all of the foregoing reasons, the United States respectfully requests that this court summarily deny defendant's motion to quash the search warrant, without an evidentiary hearing.

                                  Respectfully submitted,

                                  PATRICK J. FITZGERALD
                                United States Attorney

BY:             /s             
      MICHAEL F. IASPARRO
      Assistant United States Attorney
      308 West State Street - Suite 300
      Rockford, Illinois 61101
      (815) 987-4444

**CERTIFICATE OF SERVICE**

    The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

United States' Response To Defendant's Motion To Quash Search Warrant<br>Pursuant To *Franks v. Delaware*

was served pursuant to the district court's ECF system on August 7, 2008.

                                      /s<br>
                              MICHAEL F. IASPARRO<br>
                              Assistant United States Attorney<br>
                              308 West State Street - Suite 300<br>
                              Rockford, Illinois 61101<br>
                              (815)987-4444

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

In the Matter of the Search of

3735 TRILLING AVENUE
APARTMENT #204
ROCKFORD, ILLINOIS 61103

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

CASE NUMBER:

08 M 0003

I, STEPHEN P. SMITH, being duly sworn depose and say:

I am a SPECIAL AGENT with the BUREAU OF ALCOHOL, TOBACCO, FIREARMS, and EXPLOSIVES, and have reason to believe that on the property or premises known as 3735 Trilling Avenue, Apartment #204, Rockford, Illinois, in the Northern District of Illinois, Western Division, there is fruits and evidence of the crime of possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). The facts to support a finding of Probable Cause are as follows:

SEE ATTACHED "AFFIDAVIT" WHICH IS INCORPORATED HEREIN.

**FILED**
APR 02 2008
MAGISTRATE JUDGE P. MICHAEL MAHONEY
United States District Court

_____
Signature of Affiant
STEPHEN P. SMITH
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to before me and subscribed in my presence,

April 2, 2008
Date

ROCKFORD, ILLINOIS
City and State

P. MICHAEL MAHONEY, U.S. Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

**GOVERNMENT EXHIBIT A**

NORTHERN DISTRICT OF ILLINOIS  )
                                               ) ss.
WESTERN DIVISION  )

## AFFIDAVIT

I, STEPHEN P. SMITH, being duly sworn on oath state:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). I have worked as an ATF Special Agent for approximately 22 years. My duties include investigating violations of Title 18, United States Code, Section 922(g)(1), which, among other things, makes it a federal crime to possess firearms and ammunition as a convicted felon. I have been involved in numerous investigations of firearms possession by convicted felons, as well as firearms trafficking, and have worked closely with state and local police agencies investigating those activities. In addition to my experience as an ATF Special Agent, I have received training in the enforcement of federal firearms statutes from the ATF.

2. The information in this affidavit is based on my participation in the investigation in this case as well as information provided to me by other law enforcement officers. I have reviewed this affidavit and its contents and it is true and correct to the best of my knowledge and belief. Since this affidavit is being submitted in support of the attached application for search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the application to which the affidavit is attached.

3. On March 6, 2008, the office of the Rockford Area Crimestoppers received an anonymous voicemail message regarding illegal drug sales that were taking place at 3735 Trilling Avenue, Apartment #204 in Rockford, Illinois. The caller stated that a black male named Shabaka

1

Boyd ("Boyd"), who goes by the nickname "Tony," lives at that address, and is on parole for unlawful use of weapons. According to the caller, Boyd spent five years in prison for that offense. According to the caller, people come to Boyd's apartment to purchase crack cocaine, often in the early morning hours between 2:00 and 6:00 a.m. According to the caller, Boyd has a firearm, possibly a .40 caliber semi-automatic weapon, in his bedroom, where he also keeps his supply of crack cocaine. The caller also said that Boyd drives a 2000 dark green Chevrolet Monte Carlo.

4. On April 1, 2008, a confidential source ("CS") was asked by detectives of the Rockford Police Department's Narcotics Unit to approach 3735 Trilling Avenue, Apartment #204 (hereinafter "Boyd's apartment") and attempt to purchase a quantity of crack cocaine. This CS has worked with members of the Rockford Police Department's Narcotics Unit in the past, and has provided information which has proven to be reliable. This CS has also made several controlled purchased of controlled substances at the direction of Narcotics Unit detectives. This CS's information and/or controlled purchases have led to the issuance of multiple search warrants and the arrest of several individuals for drug and firearms-related offenses. On April 1, the CS, under the direction of detectives, approached Boyd's apartment and knocked on the door. A black male answered the door carrying a handgun in his right hand. The CS, who had been shown a photograph of Boyd by detectives before approaching his apartment, later identified the black male who answered the apartment door as the same person as in the photograph she had been shown. The CS asked Boyd if he was "straight," meaning did he have any drugs to sell. Boyd informed the CS that he/she had the wrong place, and slightly raised the firearm in the CS's direction. The CS then left and met with detectives to provide them with the information about what happened when she approached Boyd's apartment.

5. According to records received from the National Crime Information Center ("NCIC") and the Illinois Department of Corrections, Shabaka Boyd is a black male who is currently on parole for a 2003 conviction for the offense of aggravated discharge of a firearm in Winnebago County, Illinois. Boyd was sentenced to ten years in the Illinois Department of Corrections for that offense. Boyd was paroled on August 1, 2006, and according to his parole officer he has lived at 3735 Trilling Avenue, Apartment #204 since October 1, 2006. Boyd was also convicted of aggravated discharge of a firearm in Winnebago County, Illinois on September 20, 1999, and was sentenced to four years of probation, 88 days in the Winnebago County Jail, and $1,450 fines and costs. According to the NCIC, he goes by the alias "Tony."

6. On April 2, 2008, I went to the area of Boyd's apartment and found that it is contained in a multi-family two story reddish tan brick building with a brown roof and approximately ten units. The front door to the building has the numbers 3735, and there is a green awning over the entranceway with the words "Riverside Apartments" written on the awning. The building is located one-half block north of Riverside Boulevard in Rockford, on the east side of Trilling Avenue. Boyd's apartment, number 204, is on the second floor, and is the second door south of the stairway on the west side of the hallway. The numbers "204" are on the door. In addition, the mailbox for apartment 204 which is on the first floor of the building has the name "Boyd" listed on it. I also observed a green 1997 Chevrolet Monte Carlo parked near the front entrance of the building. The Illinois registration for that vehicle, 8948998, returns to Shabaka Boyd at a different address.

7. Based upon my training and experience, I believe evidence of Boyd being a felon in possession of firearms and ammunition will be found in Boyd's apartment.

8. Based upon my training and experience, and based upon the foregoing information set forth in this affidavit, I believe there is probable cause to conclude that 3735 Trilling Avenue, Apartment 204, Rockford, Illinois contains evidence of the felon in possession statute, 18 U.S.C. § 922(g)(1).

_____
STEPHEN P. SMITH
Special Agent
ATF

SUBSCRIBED AND SWORN TO BEFORE ME THIS 2nd DAY OF APRIL, 2008

_____
P. MICHAEL MAHONEY
United States Magistrate Judge
Northern District of Illinois

4

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

In the Matter of the Search of

3735 TRILLING AVENUE
APARTMENT #204
ROCKFORD, ILLINOIS 61103

**SEARCH WARRANT**

CASE NUMBER: **08 M 0003**

TO STEPHEN P. SMITH AND ANY OTHER AUTHORIZED OFFICER OR AGENT OF THE UNITED STATES:

Affidavit having been made before me by Bureau of Alcohol, Tobacco, Firearms, and Explosives Special Agent Stephen P. Smith, who has reason to believe that on the premises known as 3735 Trilling Avenue, Apartment #204, Rockford, Illinois, further described in the attached "Premises to Be Searched," which is incorporated herein, in the Northern District of Illinois, Western Division, there is now fruits and evidence of the crime of possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1), further described in the attached "Property to be Seized," which is incorporated herein.

I am satisfied that the affidavit and any recorded testimony establish probable cause to believe that the above described property is now concealed on the premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before April 10, 2008, the place named above for the property specified, with the warrant to be served during the daytime, 6:00 a.m. to 10:00 p.m., leaving a copy of this warrant and receipt for the property taken, and prepare a written inventory of the property seized and promptly return this warrant to U.S. MAGISTRATE JUDGE P. MICHAEL MAHONEY as required by law.

April 2, 2008    3:00 P.M.
Date and Time Issued

at ROCKFORD, ILLINOIS
City and State

P. MICHAEL MAHONEY, U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## PROPERTY TO BE SEARCHED ATTACHMENT

Apartment #204 located at 3735 Trilling Avenue, Rockford, Illinois, which is contained in a multi-family two story reddish tan brick building with a brown roof and approximately ten units. The front door to the building has the numbers 3735, and there is a green awning over the entranceway with the words "Riverside Apartments" written on the awning. The building is located one-half block north of Riverside Boulevard in Rockford, on the east side of Trilling Avenue. Apartment #204 is on the second floor, and is the second door south of the stairway on the west side of the hallway. The numbers "204" are on the door.

# PROPERTY TO BE SEIZED ATTACHMENT

1) Firearms, ammunition, firearm cleaning supplies, documents relating to the sale and/or purchase of firearms and/or ammunition, and any carrying cases for firearms and/or ammunition, including but not limited to holsters.

2) Indicia of Shabaka Boyd's residency at 3735 Trilling Avenue, Apartment #204, Rockford, Illinois.

## RETURN

| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
|---|---|---|
| 4/2/08 | 4/3/08, 0945 | Shabaka Boyd |

INVENTORY MADE IN THE PRESENCE OF
Special Agent Stephen P. Smith, Bureau of Alcohol, Tobacco, Firearms, and Explosives

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

1. LLAMA, 45 CALIBER, SERIAL # C 14345 W/ ONE ROUND IN CHAMBER AND 7 IN MAGAZINE.
2. APPROX $8,025 USC
3. APPROX $83 USC
4. APPROX 30 GRAMS CRACK COCAINE LATER DETERMINED TO BE 67.79 GRAMS
5. APPROX 126 GRAMS POWDER COCAINE LATER DETERMINED TO BE 122.59 GRAMS
6. 1- DIGIWAY SCALE
7. APPROX 1½ GRAMS CRACK COCAINE
8. 1- RAZOR BLADE
9. 1- SCISSORS
10. MISC ID + BANK INFO
11. 1 BOX .45 CAL BULLETS W 45 ROUNDS IN BOX
12. RESIDENCY DOCUMENTS

## CERTIFICATION

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

Stephen P. Smith

Subscribed, sworn to, and returned before me this date.

_____    4/5/08
U.S. Judge or Magistrate    Date