UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 08 CR 50019 |
| v. | ) | Hon. Frederick J. Kapala |
| | ) | |
| SHABAKA BOYD | ) | |

---

DEFENDANT'S REPLY TO THE
GOVERNMENT'S RESPONSE TO THE MOTION
FOR A HEARING PURSUANT TO *FRANKS v. DELAWARE*

SHABAKA BOYD, by counsel, replies to the government's response to the Defendant's Motion to Quash Search Warrant Pursuant to *Franks v. Delaware*. A hearing in this case is warranted because Mr. Boyd has made a substantial preliminary showing that Agent Smith intentionally or with reckless disregard for the truth omitted from his application for search warrant that the confidential source ("CS") could not describe the firearm in any manner, had a motivation to fabricate evidence if a controlled buy was unsuccessful, and may have been under the influence of drugs or alcohol. Because Mr. Boyd has made a substantial preliminary showing of a material omission from the application for search warrant a hearing should be granted to resolve the facts that are in dispute.

I.    The facts in this case display material omissions from the application of search warrant.

There are facts in dispute that were omitted from the application for search warrant that were material to the magistrate's issuance of the warrant. Specifically, the

government directs this court's attention to paragraphs three and four of Agent Smith's affidavit. Paragraph four of the affidavit describes how the CS has worked with law enforcement in the past and provided reliable information leading to several arrests. The affidavit notably omits the compensation the CS received in exchange for his/her services. If the CS has a history of working with law enforcement and has been compensated in some way, he/she would have an incentive to continue to provide information to the officers. Put simply, if the issuing magistrate new that the CS was being paid for his/her services, the CS would have an incentive to fabricate evidence. In any event, the CS's incentives were withheld from the issuing magistrate either intentional or with reckless disregard for the truth.

Agent Smith's omission that the CS was under the influence of drugs and alcohol is also a fact that is in dispute requiring an evidentiary hearing. Had the magistrate known the CS was under the influence of drugs or alcohol a finding of probable cause to issue the warrant would have been less likely. This information must have been omitted intentionally or with reckless disregard for the truth because the Agent must have received information from that the CS was acting in a manner consistent with a person under the influence of drugs or alcohol. A hearing will determine in fact if Agent Smith knew this information but did not report it.

In *United States v. Woolsey*, after a hearing the district court found that the agent did not intentionally or recklessly omit that the informant was a drug dealer when the application for search warrant did not disclose that the informant was a drug addict

2

and was not working for leniency or financial compensation. 2008 U.S. App. LEXIS 15412 (7th Cir. 2008). The defendant also argued that the agent misleadingly presented the CI as a concerned citizen. *Id.* The court found that the defendant failed to show that the agent's omissions were intentional or reckless. *Id.*

Much like *Woolsey*, the application for search warrant contains false and misleading information regarding the CS's motivation. Our case, however, is exceedingly troubling in that intentionally omits that the CS was under the influence of drugs and had a motivation to lie. Like *Woolsey*, the CS was presented as a concerned citizen, not seeking compensation when the agent knew that to be a false and misleading. Agent Smith had to have known that the CS was not a concerned citizen but was working for some credit or compensation. The Agent intentionally omitted this fact from the affidavit to present the CS as a more reliable concerned citizen.

The CS's failure to describe the firearm was also intentionally omitted from the application for search warrant. Officer Rossow's report indicates that the CS was unable to elaborate on the description of the firearm and that he contacted Agent Smith and advised him of the incident. The government suggests that the CS need not describe the make, model, or serial number for the firearm. Response, at 5. The government, however, does not address that the CS could give no information what so ever regarding the firearm. The CS was unable to give officers the color of the weapon, approximate size, whether it was a revolver, whether it had a wooden grip, nothing at all that would assure the magistrate that the CS was being truthful. Agent Smith was

aware of this information and did not include it in the application for search warrant.

Because the Agent Smith's omissions of the failure to describe the firearm, the CS's motivation, and the CS being under the influence of drugs are all material to the magistrate's issuance of a search warrant a hearing is necessary to determine the facts at issue and to quash the search warrant.

II.     The warrant issued in this case was not founded on probable cause.

The warrant also was not founded on probable cause because the CI was not sufficiently reliable. A CS's reliability is checked for personal observation, degree of detail given, independent police corroboration, the interval of time between the events and the application for warrant, and whether the informant testified at the probable cause hearing. *United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002). None of these factors is determinative; however, "a deficiency in one factor may be compensated for by a strong showing in another or by some other indication of reliability." *United States v. Peck*, 317 F.3d 754 (7th Cir. 2003); *United States v. Brack*, 188 F.3d 748, 756 (7th Cir. 1999).

In *Peck*, the Seventh Circuit found insufficient detail and lack of police corroboration even when the source testified at the probable cause hearing. 317 F.3d 754. The informant in that case stated only that she was in the suspects home two days prior and was shown drugs. *Id.* at 756. The court found a blanket statement of being shown drugs lacking in detail. The court also found that the police check of the

4

defendant's record to be insufficient for police corroboration. *Id.* at 757.

In the instant case, the CS was never established as reliable. According to the discovery, the CS did not testify before the magistrate, could not describe the firearm in any degree of detail, and the officer's only corroboration of the CS's statement was a general record check. Because the Seventh Circuit has rejected these efforts as insufficient the court should find that the CS was insufficiently reliable.

The government offers corroboration of the Crimestoppers caller's description of the residence and vehicle as sufficient police corroboration in this case. The government does not offer any police corroboration of the CS's statements in its response.

Additionally, there is dispute as to the day the CS attempted to purchase narcotics. Officer Rossow's report states that the CS approached the apartment in question on March 31, 2008, consistent with Mr. Boyd's affidavit. Agent Smith's affidavit however, changes the date to April 1, 2008. Agent Smith's alteration in the date of the event was either inadvertent or an attempt to make the events more contemporaneous with the application for search warrant. In either event, Mr. Boyd's affidavit is entirely relevant and accurate where Agent Smith's is not.

Because the Affidavit in Support of Search Warrant is not reliable the search warrant issued in this case should be quashed.

Wherefore, Mr. Boyd respectfully requests an evidentiary hearing pursuant to *Franks v. Delaware*. Because the warrant was issued without sufficient probable cause the search warrant should also be quashed.

Dated at Rockford, Illinois, Aug 14, 2008.

Respectfully submitted,

SHABAKA BOYD, Defendant,

_____/s/_____

Haneef Omar
Attorney for Defendant

Federal Defender Program
202 W. State St. Suite 600
Rockford, IL 61101
[815] 961-0800
[815] 961-0813 (fax)