# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CR 50019 | **DATE** | 8/27/2008 |
| **CASE TITLE** | United States vs. Shabaka Boyd | | |

**DOCKET ENTRY TEXT:**

Evidentiary hearing pursuant to Franks v. Delaware held. The court finds that defendant has failed to satisfy his burden of showing that the search warrant affidavit omitted a material fact. Status hearing set for September 11, 2008 at 9:00 a.m. The United States' oral motion for excludable time from August 27, 2008 through and including September 11, 2008 pursuant to 18 U.S.C. § 3161(h)(1)(J) [X-J] is granted.

■[ For further details see text below.]    Docketing to mail notices.

1.0

## STATEMENT

    Defendant was charged with possession of cocaine and crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), following the execution of a federal search warrant at his residence. This court previously held that defendant made a substantial preliminary showing that there may have been a material omission in the affidavit submitted in support of the search warrant. Specifically, defendant averred in an affidavit that the confidential informant (CI) utilized was "very high on something" at the time the CI came to his door on March 31, 2008. Detectives James Rossow and Robert Veruchi of the Rockford Police Department, and Special Agent Stephen P. Smith of the Bureau of Alcohol, Tobacco, Firearms, and Explosives testified at the Franks hearing.

    "At a Franks hearing, a defendant must show by preponderance of the evidence that: (1) the search warrant affidavit contained a false material statement or omitted a material fact; (2) the affiant omitted the material fact or made the false statement intentionally, or with reckless disregard for the truth; and (3) the false statement is material in order to support the finding of probable cause." United States v. Lowe, 516 F.3d 580, 584 (7th Cir. 2008). Defendant has not shown that the CI was under the influence of drugs or alcohol when she arrived at his door on March 31, 2008. Thus, the defendant has not satisfied his burden of showing that the search warrant affidavit omitted a material fact. Detectives Rossow and Veruchi each testified that they had no concerns, and were not under the impression, that the CI was under the influence of drugs or alcohol on March 31, 2008. Defendant presented no evidence to the contrary at the Franks hearing and the court finds the detectives credible.